ALEXANDER B. CVITAN (SBN 81746), and
MARSHA M. HAMASAKI (SBN 102720), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000          E-FILED 11/06/08
Los Angeles, California  90010-2421
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
E-Mails: alc@rac-law.com; marshah@rac-law.com

Attorneys for Construction Laborers Trust Funds for Southern
California Administrative Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>CELIA BEATRIZ DOMENECH, an individual doing business as B C M CO., B C M CLEANING MAINTENANCE CO., B C M CLEANING AND MAINTENANCE, and B C M BUILDING AND MAINTENANCE CO., and DOE 1 through DOE 5, inclusive,<br><br>        Defendants. | CASE NUMBER<br>CV 08-02190 PSG(CTx)<br><br>[PROPOSED] FINDINGS AND FACT AND CONCLUSIONS OF LAW; and ORDER RE CIVIL CONTEMPT<br><br>HEARING<br>DATE:   NOVEMBER 3, 2008<br>TIME:   1:30 P.M.<br>PLACE:  COURTROOM 790<br>        ROYBAL FEDERAL<br>        BUILDING |

**I. FACTUAL BACKGROUND**

1.    This action was brought by Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company on behalf of LABORERS HEALTH AND WELFARE TRUST FUND FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS VACATION TRUST FOR SOUTHERN CALIFORNIA, LABORERS TRAINING AND RE-TRAINING TRUST FUND FOR SOUTHERN

-1-

CALIFORNIA, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, CENTER FOR CONTRACT COMPLIANCE and LABORERS CONTRACT ADMINISTRATION TRUST FUND FOR SOUTHERN CALIFORNIA (collectively, "TRUST FUNDS"), against Defendant, CELIA BEATRIZ DOMENECH, an individual doing business as B C M CO., B C M CLEANING MAINTENANCE CO., B C M CLEANING AND MAINTENANCE, and B C M BUILDING AND MAINTENANCE CO. ("EMPLOYER").

2. An Interlocutory Order for Accounting was entered by the Court on July 31, 2008 against EMPLOYER. The Interlocutory Order requires EMPLOYER to produce her books and records to the TRUST FUNDS for the period from January 2007 through date of the audit which will allow TRUST FUNDS to accurately determine the full amount of contributions due by the EMPLOYER to the TRUST FUNDS and any damages to the TRUST FUNDS for failure to pay any such contributions.

3. The Court's Interlocutory Order for Accounting requires EMPLOYER to submit to the audit within fifteen (15) days of service of the Court's Order, and produce the following records:

    A. All payroll and employee documents including, but not limited to, EMPLOYER'S payroll journals, employees earning records, certified payrolls, payroll check books and stubs, canceled payroll checks, payroll time cards, state and federal payroll tax returns, labor distribution journals, any other documents reflecting the number of hours which EMPLOYER'S, employees worked, their names, social security numbers, addresses, job classifications and the projects on which the

1 employees performed their work.
2 B. All EMPLOYER'S job files for each contract, project
3 or job on which EMPLOYER worked, including all
4 documents, agreements, and contracts between
5 EMPLOYER, and any general contractor,
6 subcontractor, builder and/or developer, field
7 records, job records, notices, project logs,
8 supervisor's diaries or notes, employees diaries,
9 memorandum, releases and any other documents which
10 related to the supervision of EMPLOYER'S employees
11 and the projects on which they performed their
12 work.
13 C. All EMPLOYER'S, documents related to cash receipts,
14 including but not limited to, the cash receipts
15 journals, accounts receivable journal, accounts
16 receivable subsidiary ledgers and billing invoices
17 for all contracts, projects or jobs on which
18 EMPLOYER worked.
19 D. All EMPLOYER'S, bank statements for all checking,
20 savings and investment accounts.
21 E. All EMPLOYER'S documents related to cash
22 disbursements, including but not limited to,
23 vendors' invoices, cash disbursement journal,
24 accounts payable journals, check registers, and all
25 other documents which indicate cash disbursements.
26 F. All collective bargaining agreements between
27 EMPLOYER and any trade union and all Monthly Report
28 Forms submitted by EMPLOYER to any union trust

-3-

1         fund.

2     4.    The Court's Interlocutory Order for Accounting contains the following warning in bold type to EMPLOYER: "THE FAILURE OF EMPLOYER TO COMPLY WITH THIS ORDER MAY BE GROUNDS FOR CONTEMPT OF COURT."

    5.    On August 20, 2008, the Court's Interlocutory Order was personally served on EMPLOYER and proof of service of said Order was filed with the Court on September 23, 2008.

    6.    As of November 3, 2008, EMPLOYER has not contacted TRUST FUNDS or their counsel with regard to the audit of her records, and has failed to comply with the Court's Interlocutory Order for Accounting.

    7.    Upon application by Plaintiff for an Order To Show Cause Re Contempt with regard to EMPLOYER'S failure to obey the Court's Interlocutory Order for Accounting, and with notice to EMPLOYER, the Court issued an Order to Show Cause re Contempt and set the contempt hearing for November 3, 2008. The Court's Order to Show Cause was served by mail on EMPLOYER on September 30, 2008 and personally served on EMPLOYER on October 2, 2008; however, EMPLOYER failed to appear for the hearing. Proofs of service by mail and by personal service were filed with the Court on September 30, 2008 and October 9, 2008.

**II.   FINDINGS**

    1.    EMPLOYER was personally served with the Interlocutory Order for Accounting which required EMPLOYER'S compliance with the Order within (15) fifteen days of service. The Court's Interlocutory Order for Accounting included a warning to EMPLOYER

that EMPLOYER'S failure to comply with the Court's Order may be grounds for contempt of Court but EMPLOYER failed to obey the Court's Order.

2.  EMPLOYER failed to comply with the Court's Interlocutory Order for Accounting.

3.  EMPLOYER was personally served with the Court's Order to Show Cause re Contempt; however, EMPLOYER failed to appear for the hearing.

4.  EMPLOYER has not communicated with the TRUST FUNDS or their counsel with regard to the audit of her records, and has not shown cause why she should not be held in contempt for failing to obey the Court's Interlocutory Order for Accounting.

**III.   CONCLUSIONS OF LAW**

1.  Civil contempt occurs when a party fails to comply with a court order after having notice of the order. <u>General Signal Corporation v. Donallco, Inc.</u>, 787 F.2d 1276, 1379 (9th Cir. 1986), <u>United States v. Rycander</u>, 714 F.2d 996, 1003 (9th Cir. 1983), <u>cert. denied</u> 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984).

2.  District Courts have the power to punish disobedience to court orders by both civil and criminal contempt. <u>United States v. Rose</u>, 806 F.2d 931 (9th Cir. 1986).

EMPLOYER was personally served with this Court's Interlocutory Order for Accounting and has failed and refused to obey the Court's Order.  Further, EMPLOYER, after notice and personal service of the Court's Order to Show Cause re Contempt, has failed to appear before this Court to show cause why she

should not be held in contempt for her refusal to obey the Court's Order. The Court therefore finds that the EMPLOYER is in civil contempt for her refusal to obey the Court's Interlocutory Order for Accounting.

### III. ORDER RE CIVIL CONTEMPT

Based upon the foregoing findings of fact and conclusions of law and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. The EMPLOYER is in civil contempt for failing and refusing to obey this Court's Interlocutory Order for Accounting entered on July 31, 2008;

2. EMPLOYER is Ordered to pay to TRUST FUNDS the sum of $1,000.00 per day from the date of the service of this Order, until EMPLOYER fully complies with the Court's Interlocutory Order for Accounting and produces her records and submits to an audit by TRUST FUNDS; and

3. If EMPLOYER continues to fail to comply with this Court's Order, TRUST FUNDS may seek further Order(s) from this Court.

DATED: 11/06/08    **PHILIP S. GUTIERREZ**
HON. PHILIP S. GUTIERREZ, Judge of
the United States District Court
Central District of California

PRESENTED BY:
REICH, ADELL & CVITAN
A Professional Law Corporation

By:        /s/
    MARSHA M. HAMASAKI
    Attorneys for Plaintiff